FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB NIEDERQUELL,<br><br>            Plaintiff,<br><br>v.<br><br>DOSANJH ENTERPRISES, INC., d/b/a 7-ELEVEN,<br><br>            Defendant. | No. 2:25-CV-00169-RLP<br><br>**ORDER ON PRETRIAL MOTIONS** |

BEFORE THE COURT are Plaintiff Jacob Niederquell's Motion for Jury Trial, ECF No. 7, Motion Requesting Judicial Notice of Facts, ECF No. 9, and Motion for Leave to Amend Complaint, ECF No. 15. Also before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 14. For the reasons explained below, Mr. Niederquell's motions for a jury trial and for judicial notice are denied. The parties' stipulated motion for protective order is denied without prejudice. Finally, Mr. Niederquell's Motion for Leave to Amend is granted.

ORDER ON PRETRIAL MOTIONS ~ 1

# BACKGROUND

Mr. Niederquell's claims concern Defendant Dosanjh Enterprises, Inc. d/b/a 7-ELEVEN's shoe policy. ECF No. 1, Exh. A. On March 24, 2025, Defendant's store personnel asked Mr. Niederquell to leave the premises because of his refusal to comply with the store's shoe policy. *Id*. at ¶3.1. Mr. Niederquell requested an exception to the store dress code due to a sensory impairment, which he alleges is a symptom of Autism Spectrum Disorder. *Id*. at ¶¶3.3-3.11. The store manager refused to provide the requested accommodation. *Id*.

Mr. Niederquell thereafter filed this action in Spokane County Superior Court, asserting claims against Defendant for disability discrimination under the Washington Law Against Discrimination (WLAD) and the Americans with Disabilities Act (ADA), as well as claims for coercion and negligence. *Id*. at Exh. A. Defendant subsequently removed this case to Federal Court on May 20, 2025. ECF No. 1 at 3. Mr. Niederquell filed his Motion for Jury Trial on June 26, 2025, three days after the deadline. ECF No. 7.

# DISCUSSION

*Motion for Jury Trial*

Mr. Niederquell contends that the Court should use its discretion to grant his untimely motion for a jury trial under FRCP 39(b) because no tactical advantage was sought by his error, and the interests of justice favor granting the motion.

ORDER ON PRETRIAL MOTIONS ~ 2

Defendant contends that the Motion should be denied because Mr. Niederquell waived his right to a jury trial by failing to file a timely jury demand due to his own oversight and inadvertence. Mr. Niederquell responds that denying his Motion would be unjust based on his pro se status.

FRCP 81(c)(3)(B) requires a jury demand to be filed 14 days after the party is served with a notice of removal. LCivR 38(d) requires a party to file a jury demand within 30 days after they are served with a Notice of Removal.

FRCP 38(b) allows the Court discretion to order a jury trial upon motion. However, the 9th Circuit interprets this discretion narrowly. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002). FRCP 38(b) "'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial." *Id*. (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.*, 239 F.3d 1000, 1002-03 (9th Cir. 2001), *cert. denied*, 534 U.S. 944, 122 S.Ct. 324 (2001)).

A *pro se* plaintiff's ignorance of FRCP 38(b) establishes no more than inadvertence. *Id*. at 1087; *Pac. Fisheries*, 239 F.3d at 1002 (holding that a pro se plaintiff waived any right to a jury trial by failing to file a timely demand as required by FRCP 38(b)); *Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001) (same); *Redding v. Griffith*, 2020 WL 531956 at *2 (W.D. Wash. Feb. 3, 2020)

ORDER ON PRETRIAL MOTIONS ~ 3

(same); *Meppelink v. Wilmington Sav. Fund Soc'y FSB*, 2019 WL 7290779 at *3 (W.D. Wash. Dec. 30, 2019) (same); *Brooks v. Hubbell*, 2024 WL 4804885 at *8 (D. Nev. Nov. 15, 2024) (same); *see also Nelson v. Boeing Co.,* 808 F. App'x 551, 552 (9th Cir. 2020) (district court did not abuse its discretion in denying pro se plaintiff's untimely motion for a jury trial).

Here, Mr. Niederquell failed to make a timely jury demand due to a good faith mistake. The Ninth Circuit has consistently held that district courts lack discretion to grant an untimely motion for a jury trial where the reason for the untimely filing is simple inadvertence. As such, the Court denies Mr. Niederquell's motion for a jury trial.

*Motion to take Judicial Notice*

Mr. Niederquell contends that this Court should take judicial notice of disputed facts central to the issues in this case. Defendant contends that Mr. Niederquell's requested facts to be judicially noticed are disputed facts, subject to discovery and cross-examination, inappropriate for judicial notice to the contents, and ultimate factual issues in the litigation. In response, Mr. Niederquell concedes error as to one fact requested to be judicially noted.

The Federal Rules of Evidence allow for judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

ORDER ON PRETRIAL MOTIONS ~ 4

determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b). The notes of the advisory committee explain that "[a] high degree of indisputability is the essential prerequisite" to taking judicial notice of adjudicative facts and that "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." FRE 201(a) & (b) advisory notes. "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting *Wright v. Brooke Group Ltd.*, 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000)).

"Just because a document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). For example, in *Khoja,* the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id*. at 999–1000.

Here, Mr. Niederquell requests the Court take judicial notice of the nature of

ORDER ON PRETRIAL MOTIONS ~ 5

his sensory impairment and the impact of that impairment on his life activities, including the ability to wear shoes. These are not the type of indisputable facts that are amenable to judicial notice. Therefore, Mr. Niederquell's motion is denied.

*Motion for Stipulated Protective Order*

The parties have filed a motion for protective order, seeking to protect "confidential" materials disclosed during discovery. The proposed order defines "confidential" material as: "documents containing trade secrets, documents containing proprietary business information, and any other documents that shall be treated as confidential, with specific description, by mutual agreement of the parties." ECF No. 15 at 2.

There is a strong presumption in favor of access to court records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Even when parties agree to protective measures for discovery materials, courts generally favor allowing access to such materials by individuals involved in related litigation, as this promotes the judicial economy. *Cordero v. Stemilt AG Servs., LLC*, 2025 WL 1902292 at *4-5 (9th Cir. July 10, 2025) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c). The party seeking a protective order has the burden of

ORDER ON PRETRIAL MOTIONS ~ 6

establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials.

The Court finds the categories of "confidential material" as defined by the parties to be vague and overbroad. Specifically, the definition extends to "any other documents that shall be treated as confidential, with specific description, by mutual agreement of the parties." ECF No. 15 at 2. This is a vague and broad description with an undefined reach. Further, the parties fail to describe specific harm resulting from the disclosure of the identified documents. For these reasons, the Court declines to issue the protective order proposed by the parties.

The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach; however, the Court will not be party to such an agreement. If the parties

ORDER ON PRETRIAL MOTIONS ~ 7

wish to file specific items of discovery in the court record and protect such items from public access, the Court will entertain a motion to seal or an application for a narrowly tailored protective order.

*Motion for Leave to Amend Complaint*

Mr. Niederquell has filed a motion to amend his complaint in order to add an individual defendant whose name was disclosed during initial discovery. ECF No. 15. Defendant has not filed a response to this motion.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party, and leave shall be freely given when justice so requires. FRCP 15(a). A responsive pleading has been served in this case. *See* ECF No. 1.

A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

Here, there is no showing here of bad faith, undue delay, futility, or undue prejudice as to the addition of the managing employee of Defendant Dosanjh Enterprises. Mr. Niederquell's proposed amendment arises from the same set of

ORDER ON PRETRIAL MOTIONS ~ 8

facts alleged in the original complaint. Further, Mr. Niederquell appears to have acted in good faith, and added the individual defendant when his identity was made known to him through initial disclosures. Mr. Niederquell's Motion for Leave to Amend the Complaint is granted.

## CONCLUSION

Based upon the foregoing, it is **HEREBY ORDERED:**

1. Plaintiff's Motion for Jury Trial, **ECF No. 7**, is **DENIED.** The matter will thus proceed with a bench trial pursuant to the dates set forth in the bench scheduling order.

2. Plaintiff's Motion requesting Judicial Notice of Facts, **ECF No. 9**, is **DENIED**.

3. The parties' Stipulated Motion for Protective Order, **ECF No. 14,** is **DENIED** with leave to renew.

4. Plaintiff's Motion for Leave to Amend Complaint, **ECF No. 15,** is **GRANTED**.

5. Plaintiff shall promptly file and serve the Amended Complaint, **ECF No. 15-2**.

//

//

//

ORDER ON PRETRIAL MOTIONS ~ 9

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** August 29, 2025

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE