FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB NIEDERQUELL,<br>    Plaintiff,<br><br>v.<br><br>DOSANJH ENTERPRISES, INC., d/b/a 7-ELEVEN,<br>    Defendant. | No. 2:25-CV-00169-RLP<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

BEFORE THE COURT is Plaintiff Jacob Niederquell's Motion for Reconsideration of Order Denying Pretrial Motions, ECF No. 18. For the reasons explained below, Mr. Niederquell's motion for reconsideration is denied.

## BACKGROUND

Mr. Niederquell's claims concern Defendant Dosanjh Enterprises, Inc. d/b/a 7-ELEVEN's shoe policy. ECF No. 1, Exh. A. On March 24, 2025, Defendant's store personnel asked Mr. Niederquell to leave the premises because of his refusal to comply with the store's shoe policy. *Id*. at ¶3.1. Mr. Niederquell requested an

ORDER ON PRETRIAL MOTIONS ~ 1

1  exception to the store dress code due to a sensory impairment, which he alleges is a
2  symptom of Autism Spectrum Disorder. *Id*. at ¶¶3.3-3.11. The store manager
3  refused to provide the requested accommodation. *Id*.
4      Mr. Niederquell thereafter filed this action in Spokane County Superior
5  Court, asserting claims against Defendant for disability discrimination under the
6  Washington Law Against Discrimination (WLAD) and the Americans with
7  Disabilities Act (ADA), as well as claims for coercion and negligence. *Id*. at Exh.
8  A. Defendant subsequently removed this case to Federal Court on May 20, 2025.
9  ECF No. 1 at 3. Mr. Niederquell filed his Motion for Jury Trial on June 26, 2025,
10 three days after the deadline. ECF No. 7. He filed his Motion for Judicial Notice on
11 July 8, 2025. ECF No. 9.

12                          LEGAL STANDARD

13     Where a final judgment has not been entered, the Court has discretion to
14 reconsider under Rule 54(b), which allows courts to revise "any order or other
15 decision, however designated, that adjudicates fewer than all the claims or the
16 rights and liabilities of fewer than all the parties ... before the entry of a
17 judgment ...." FRCP 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882,
18 887 (9th Cir. 2001).
19     In the Ninth Circuit, reconsideration may be appropriate in cases that
20 "involve an intervening change in the law, the availability of new evidence, or the

ORDER ON PRETRIAL MOTIONS ~ 2

need to correct a clear error or prevent manifest injustice." *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F.Supp.2d 1231, 1242 (D. Or. 2010).

A court should not revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 1645 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Mr. Niederquell argues that the Court's decision on his previous motions was motivated by bias and is thus manifestly unjust. Mr. Niederquell fails to make a compelling case for judicial bias. As explained below and in the Court's original order, Mr. Niederquell is simply not entitled to the relief he requests in his motions. That the Court disagrees with his legal analysis, or fails to understand the arguments presented in his motions, does not show judicial bias against him or in favor of attorneys. Mr. Niederquell's unfortunate belief that the Court is biased against him is no reason to grant him reconsideration absent a showing that the Court actually erred.

Beyond asserting that the Court ruled against him out of bias, Mr.

ORDER ON PRETRIAL MOTIONS ~ 3

Niederquell advances no new arguments as to why the Court should have granted his motions for a jury trial and to take judicial notice. Instead, he simply repeats the arguments made in his original motions. For the reasons the Court previously articulated in its order denying his motions, Mr. Niederquell's motion for reconsideration is denied.

## CONCLUSION

For the reasons discussed, Mr. Niederquell's Motion for Reconsideration is denied.

Based upon the foregoing, it is **HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, **ECF No. 18**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** October 10, 2025

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE