FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB NIEDERQUELL,<br><br>        Plaintiff,<br><br>v.<br><br>DOSANJH ENTERPRISES, INC., d/b/a 7-ELEVEN, and DAVID PETERSON,<br><br>        Defendants. | No. 2:25-CV-00169-RLP<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    BEFORE THE COURT is Plaintiff Jacob Niederquell's Motion for Partial Summary Judgment, ECF No. 28. Also before the Court is Defendants Dosanjh Enterprises, Inc., d/b/a 7-ELEVEN, and store manager David Peterson's Motion to Strike, ECF No. 54, and related Motion to Expedite, ECF No. 56.

    Mr. Niederquell requests summary judgment on his claims for disability discrimination under the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD).

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Federal Rule of Civil Procedure 56(d) states that in

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

the face of a motion for summary judgment, a non-movant may request that the Court "defer considering the motion" or "allow time to . . . take discovery" necessary to establish an opposition to summary judgment. Rule 56(d) motions should be granted freely. *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Indeed, such motions "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Id*.

"To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

This case is still young. Mr. Niederquell filed his Motion for Partial Summary Judgment only one month after filing his First Amended Complaint. Defendants have already diligently pursued discovery by propounding a set of written discovery to Mr. Niederquell. ECF 46-1. Defendants have shown via declaration they need to pursue additional discovery to contest the merits of Mr. Niederquell's claims. Specifically, Defendants seek the documents upon which the

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

ALJ and medical providers relied in rendering their disability determinations. Defendants have also filed a Motion to Compel discovery pertinent to defending against Mr. Niederquell's ADA and WLAD claims, and a Motion to Compel a Rule 35 examination. *See* ECF Nos. 45, 51.[1] This discovery Defendants seek could conceivably lead to questions of fact as to whether Mr. Niederquell qualifies as disabled under the ADA and WLAD, and whether his aversion to footwear is symptom of his alleged disability. Thus, Defendants cannot currently present facts essential to justify their opposition to summary judgment. The Court finds good cause to grant Defendants' request to deny Mr. Niederquell's Motion for Partial Summary Judgment with leave to renew after discovery has closed.

As the Court denies Mr. Niederquell's Motion for Partial Summary Judgment, Defendants Motion to Strike, ECF No. 54, is moot. The Court therefore denies the motion.

Based upon the foregoing, it is **HEREBY ORDERED:**

1.  Plaintiff's Motion for Partial Summary Judgment, **ECF No. 28**, is **DENIED with leave to renew**.

---

[1] The Court notes that it is not deciding the merits of Defendants' Motions to Compel at this time, but cites the motions insofar as they show ongoing and unresolved discovery disputes.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

2.  The hearing scheduled for December 19, 2025, is hereby **STRICKEN** from the Court's calendar.

3.  Defendants' Motion to Strike, **ECF No. 54**, is **DENIED** as moot.

4.  Defendants' Motion to Expedite, **ECF No. 56**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** December 16, 2025

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4