FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JACOB NIEDERQUELL,

    Plaintiff,

    v.

DOSANJH ENTERPRISES, INC., d/b/a 7-ELEVEN, and DAVID PETERSON,

    Defendants.

No. 2:25-CV-00169-RLP

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendant Dosanjh Enterprises, Inc. and David Peterson's Motions for Summary Judgment (ECF No. 77); to Strike (ECF No. 98, 100, 101); and to Expedite (ECF No. 103). Also before the Court is third-party Spokane County Sheriff's Motion to Quash (ECF No. 113). Oral argument was held on the summary judgment motion on June 30, 2026. Plaintiff Jacob Niederquell appeared *pro se*. James Bernanrd King appeared on behalf Defendants. The remaining motions were considered without oral argument.

The primary issue before the Court is whether Defendants violated Title III

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 1

of the Americans with Disabilities Act (ADA) by enforcing a footwear policy at its 7-Eleven store, despite Mr. Niederquell's protestation that he has an impairment preventing him from wearing shoes. The Court concludes Defendants have not violated the ADA. Defendants' footwear policy is a legitimate health and safety measure that may be imposed despite Mr. Niederquell's alleged disability. Furthermore, Defendants have offered Mr. Niederquell remote purchasing options that adequately accommodate Mr. Niederquell's circumstances and afford him full and equal access to Defendants' goods.

Defendants are entitled to summary judgment on Mr. Niederquell's ADA claim. Mr. Niederquell's state law claims are remanded to Spokane County Superior Court pursuant to 28 U.S.C. § 1367(c)(3). Defendants' remaining motions are denied as moot. The Spokane County Sheriff's Motion to Quash is granted.

## BACKGROUND

Defendant Dosanjh owns and operates a 7-Eleven store located in Spokane Valley, Washington. ECF No. 79, ¶2. Defendant David Peterson is the Manager of the store. *Id*. at ¶3. Defendants' store sells food and beverage products packaged in glass, which are stocked on shelves in customer accessible areas. *Id*. at ¶7. The store also operates a self-service area, selling hot food and beverages. *Id*. at ¶8. The hot food items are prepared in a 500-degree oven and then put on heated trays in the self-service area at a

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 2

temperature set between 165 and 175 degrees. *Id*. at ¶9. Spillage and breakage occurs regularly, often multiple times in an eight-hour shift. *Id*. at ¶13. Over recent years, the store has had an increasing problem with discarded street drugs and drug paraphernalia being left in public areas of the store. *Id*. at ¶¶18-19. Store employees have also reported the presence of human feces, blood, urine and vomit on the floors. *Id*. at ¶20.

Given the hazards posed by offering products on a self-serve basis, Defendants' store maintains a policy requiring all customers to wear shoes while inside the store since at least April of 2017. *Id*. at ¶¶14-15. The policy is posted at the front door of the store and is readily visible to anyone entering the store. *Id*. The policy was in effect March of 2025 and remains in effect today. *Id*.

On March 24, 2025, Plaintiff Jacob Niederquell entered Defendants' 7-Eleven store, barefoot. ECF No. 17, ¶3.1. An employee noticed Mr. Niederquell's condition and informed him the store had a policy requiring customers to wear shoes. Mr. Niederquell responded, "I don't wear shoes because of my sensory issues." ECF No. 17, at ¶¶3.3-3.4 Mr. Niederquell was directed to resolve the issue with the store manager, to whom he requested an exception to the store dress code as a reasonable accommodation for his sensory impairment, which he alleges is a symptom

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 3

of Autism Spectrum Disorder. *Id*. at ¶¶3.3-3.6. The manager refused to provide the requested accommodation. *Id*.

Mr. Niederquell thereafter filed this action in Spokane County Superior Court on April 21, 2025, asserting claims under the Americans with Disabilities Act and state law. ECF No. 1-1. Defendants subsequently removed the case to this Court. ECF No. 1 at 3.

The parties engaged in early motions practice which prompted the Court to issue an order bifurcating discovery. *See* ECF No. 74. In order to protect Mr. Niederquell from potentially unnecessary discovery regarding his mental health, the Court ruled initial discovery would be limited to the issues of (1) whether Defendants were on notice that Mr. Niederquell was disabled; and (2) assuming Mr. Niederquell is disabled, whether his requested accommodation (i.e. to be allowed to shop inside the store without shoes) was reasonable.

The initial phase of discovery is now complete and Defendants have moved for summary judgment. ECF No. 77. Defendants have also filed a variety of motions, seeking to strike Mr. Niederquell's responsive materials. ECF Nos. 98, 100, 101, 103. In addition, the Spokane County Sheriff's Office has filed a motion to quash a third party subpoena issued by Mr. Niederquell. ECF No. 113.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 4

ANALYSIS

Title III of the ADA prohibits discrimination against disabled persons in any place of public accommodation. 42 U.S.C. § 12182. The statute provides, in relevant part:

**(a) General rule**

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

**(b) Construction**

…

(2)  **Specific prohibitions**

**(A)    Discrimination.** For purposes of subsection (a), discrimination includes—

(i)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

…

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 5

(3) **Specific construction.** Nothing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others. The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services.

As is true for other causes of action, a complaint for relief under the ADA may be resolved via summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). When considering a motion for summary judgment, the court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). Nevertheless, where no reasonable juror could find in favor of the non-moving party, no genuine dispute of fact exists, and the moving party is entitled to summary judgment. *See id.* at 251, 106 S.Ct. 2505.

As relevant here, a discrimination claim under Title III of the ADA requires proof of three elements: (1) the plaintiff is disabled; (2) the defendant is a place of accommodation; and (3) the defendant engaged in discrimination either by (a) imposing eligibility criteria that "screen out or tend to screen out an individual with a disability" (42 U.SC. § 12812(b)(2)(a)(i)) or (b) by failing to make reasonable

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 6

modifications to policies, practices, or procedures when "necessary to afford …

goods, services, facilities, privileges, advantages, or accommodations to

individuals with disabilities" (42 U.S.C. § 12812(b)(2)(a)(ii)).[1] *See Lopez v.*

*Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020).

The current dispute centers on the third element. The Court assumes,

pursuant to the order bifurcating discovery, that Mr. Niederquell is disabled such

that he is unable to wear shoes. And, as the parties agree, Defendants operate a

place of public accommodation. So, the question on summary judgment is whether

there are questions of fact as to whether Defendants engaged in discrimination by

improperly imposing eligibility criteria for entry into the 7-Eleven store or by

improperly refusing Mr. Niederquell's request for a modification of its policy

requiring in-store patrons to wear shoes.

In analyzing the parties' dispute, it is important to note that an entity does

not violate the ADA merely by imposing eligibility criteria on customers or by

refusing a customer's request for accommodation. Title III's requirements are

subject to exceptions. As recognized by the Department of Justice's implementing

---

[1] The duty to provide an accommodation is triggered when a covered entity is on notice of a disability. *See Bax v. Doctors Medical Center of Modesto, Inc.*, 52 F.4th 848, 869 (9th Cir. 2022). Here, there are at least issues of fact as to whether Mr. Niederquell notified Defendants of his disability.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 7

regulations and federal case law, a place of public accommodation may adopt eligibility criteria based on legitimate safety concerns. *See* 28 CFR 36.301(b) ("A public accommodation may impose legitimate safety requirements that are necessary for safe operation"); *Campbell v. Universal City Dev. Partners, Ltd.*, 72 F.4th 1245, 1254 (11th Cir. 2023) ("[N]ecessary" eligibility criteria includes "criteria imposed to ensure safety").[2] In addition, a covered entity may deny a request to modify its policies and procedures based on legitimate safety concerns.[3] *Baughman v. Walt Disney World*, 685 F.3d 1131, 1136 (9th Cir. 2012) ("Facilities are not required to make any and all possible accommodations that would provide

---

[2] The textual support for this exception lies in the statute's recognition that a place of public accommodation may impose eligibility criteria "necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered." 42 U.S.C. § 12182(b)(2)(A)(i).

[3] The textual support for this exception lies in the statute's recognition that a place of public accommodation need only provide "reasonable" modifications to policies "when such modifications are necessary to afford such goods, services, facilities, privileges, or accommodations to individuals with disabilities, unless [the place of public accommodation] can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182 (b)(2)(A)(ii).

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 8

full and equal access to disabled persons; they need only make accommodations that are reasonable. In deciding what's reasonable, facilities may consider the costs of such accommodations, disruption of their business *and safety."*) (emphasis added).

Citing 42 U.S.C. § 12182(b)(3), Mr. Niederquell argues the only safety concerns that may be considered under Title III are ones posed to others. Mr. Niederquell claims that because his inability to wear shoes inside Defendants' store does not pose a health or safety risk to others, Defendants cannot enforce their footwear policy simply because Mr. Niederquell poses a risk to himself.

The Court disagrees with Mr. Niederquell's constrained reading of § 12182(b)(3). Mr. Niederquell correctly notes the language in Title III specifies that nothing in the statute requires a covered entity to make adjustments to their accommodations that would pose "a direct threat to the health or safety of others." *Id*. But, importantly, Title III does not say a covered entity is *prohibited* from adjusting their accommodations out of concerns for the health or safety of the disabled person. This is a distinction with a difference. *See Chevron v. Echazabal*, 536 U.S. 73, 81-82, 122 S.Ct. 2045 (2002) (In the context of Title I, Congress's explicit concerns about threats to others does not prohibit an employer from adopting policies necessary to protect the disabled person themselves). Indeed, it strains credulity to think that Congress intended Title III to empower disabled

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 9

persons to force covered entities to allow them to undertake dangerous activities. Instead, consistent with DOJ regulations and governing case law, Title III allows a covered entity to adopt legitimate safety measures to account for the protection of both the disabled person and others. *See Baughman*, 685 F.3d at 1136); *Campbell*, 72 F.4th at 1254; 28 CFR 36.301(b).

Defendants argue their footwear policy is a legitimate health and safety measure, consistent with the ADA. Defendants point out the goods sold by their store pose hazards to all patrons, including broken glass, spilled liquids, discarded drug paraphernalia and the resulting risks of burns or lacerations or infection. ECF No. 79 at ¶¶3-20. These perils are increased if a customer is not wearing shoes. Given the realities of operating a 7-Eleven store, Defendants argue not only that their footwear policy is necessary, but also that Mr. Niederquell's requested accommodation—exemption from the policy—is unreasonable. Furthermore, Defendants point out that they offer an alternate accommodation—remote purchase of 7-Eleven goods through the use of computer based applications or simply by calling the store. According to Defendants, this accommodation is sufficient to meet Mr. Niederquell's needs.

The Court agrees with Defendants that undisputed facts support the legitimacy of the footwear policy as well as Defendants' refusal to accede to Mr.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 10

Niederquell's preferred accommodation. The ADA requires health and safety measures be "based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities." 28 CFR 36.301(b). Here, that standard is met. It is well understood that barefoot customers face "significant health and safety risk[s]", even in environments posing fewer hazards than a 7-Eleven store. *Neinast v. Board of Trustees of Columbus Metropolitan Library*, 346 F.3d 585, 594 (6th Cir. 2003) (upholding public library's footwear policy under a First Amendment challenge). There is no indication Defendants adopted their footwear policy based on stereotypes about people with disabilities. Indeed, part of the problem in this case is Mr. Niederquell's professed disability is unusual and undoubtedly not anticipated by Defendants when they adopted the policy. The Court recognizes stores face the threat of significant tort liability as a result of slip-and-fall incidents. *See, e.g., id.* at 594. This risk is increased where, as here, a store offers self-service areas. *See O'Donnell v. Zupan Enterprises, Inc.*, 107 Wn. App. 854 (2001). It is entirely reasonable for a store to adopt policies, such as a footwear requirement, to protect the safety of customers and reduce the risk of liability.

Mr. Niederquell complains the remote purchase modification is inadequate because it bars him from "full and equal enjoyment" of 7-Eleven stores. 42 U.S.C. § 12182(a). This argument fails for two reasons. First, as set forth above, a modification is not reasonable, and therefore not required, if it poses legitimate

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 11

health and safety concerns. Second, Mr. Niederquell's modification request is not necessary to afford him access to 7-Eleven. The record makes clear the function of Defendants' 7-Eleven store is merely to sell goods. It is not an experienced-based public accommodation akin to an amusement park or a movie theater. *Compare Baughman*, 685 F.3d at 1135 (discussing reasonableness of accommodations to allow full and equal enjoyment a theme park) *with Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1085-86 (9th Cir. 2004) (discussing reasonableness of accommodations to allow full and equal enjoyment of movie theater). Mr. Niederquell is not deprived of any form of personal entertainment or services because he is barred from walking down the aisles of a 7-Eleven store without shoes. Mr. Niederquell can access 7-Eleven's goods through use of Defendants' remote purchasing options without ever entering the store.[4] Mr. Niederquell is thus afforded equal enjoyment of 7-Eleven's goods, regardless of his alleged disability. This comports with the ADA. Nothing more is required.

## CONCLUSION

1. Defendants' Motion for Summary Judgment, **ECF No. 77**, is **GRANTED** as to Mr. Niederquell's federal claims under the Americans with Disabilities Act.

---

[4] Although not addressed by the parties, it appears Mr. Niederquell could also access the store by using a wheelchair.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 12

2. Defendants' Motions to strike and for expedited consideration, E**CF Nos. 98, 100, 101, 103**, are **DENIED** as moot.

3. Spokane County Sheriff's Office's Motion to Quash, **ECF No. 113**, is **GRANTED**.

4. Mr. Niederquell's supplemental state law claims are **REMANDED** to Spokane County Superior Court, Case No. 25-2-01920-32, pursuant to 28 U.S.C. § 1367(c)(3) for further proceedings.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, counsel for the Spokane County Sheriff's Office, a certified copy to the Clerk of the Superior Court of the State of Washington for Spokane County, Case No. 25-2-01920-32, enter judgment as to the federal claims in favor of Defendants, and close the file.

**DATED** June 30, 2026

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ~ 13